JOHN A. YOUNG, plaintiff in error, *v.* SAMUEL MASON *et al.*, defendants in error.

*Error to Schuyler.*

| 8 | 55 |
| 22a | 533 |
| 8 | 55 |
| 65a | 271 |
| 8 | 55 |
| 78a | 473 |
| 8 | 55 |
| 85a | 469 |

An appeal bond contained the following condition: "That if the said Samuel Mason and John Mason should prosecute their appeal with effect, and should pay whatever judgment might be rendered by the Circuit Court upon the dismissal of the said appeal, then the bond to be void," &c. Suit was brought thereon, a trial was had, and the Court rendered a judgment in favor of the plaintiff for the debt, and assessed the damages at six cents: *Held*, that the bond, though not exactly in compliance with the statute by reason of the omission of the words "or trial', after the word "dismissal," was not void, but might still, to the extent of the obligation, be the foundation of the action: *Held*, also, that the plaintiff in the Circuit Court, during the pendency of the appeal, might have objected to the bond for informality and have required that it be perfected; and upon a refusal to perfect it, the appeal would have been dismissed.

DEBT upon an appeal bond given by the defendants in error to the plaintiff in error. The cause was heard in the Schuyler Circuit Court, at the September term 1845, before

the Hon. Norman H. Purple, without the intervention of a jury, when a judgment was rendered in favor of the plaintiff for $85·65, his debt, and six cents damages.

*W. A. Minshall,* for the plaintiff in error, argued the cause *ex parte.*

The affirmance of the judgment in this case by default of prosecution is precisely analogous and equivalent to a dismissal of the appeal. *Fournier* v. *Faggott,* 3 Scam. 349; *McConnell* v. *Swailes,* 2 do. 571; *Gardner* v. *Woodyard,* 1 Ohio, 176, 179; *Morse* v. *Hodsdon,* 5 Mass. 314; *United States* v. *Bradley,* 10 Peters, 343.

The Opinion of the Court was delivered by

KOERNER, J.* Young, the plaintiff in error, brought suit in the Schuyler Circuit Court against the defendants in error, on an appeal bond, the bond containing the following condition: "That if the said Samuel Mason and John Mason should prosecute their appeal with effect, and should pay whatever judgment might be rendered by the Circuit Court upon the dismissal of the said appeal, then the bond to be void," &c.

The declaration on said bond avers, that said appeal was taken, and that the said Samuel and John Mason made default in the Circuit Court, whereupon the said Court affirmed the judgment of the justice of the peace, and gave judgment in addition for damages occasioned by the taking of the appeal and for costs. It assigns as breaches of the bond: *first,* that Samuel and John Mason did not prosecute their appeal with effect; *second,* that they have not paid the judgment so affirmed in the Circuit Court. At the September term of the Schuyler Circuit Court, 1845, the cause was submitted to the Court for trial, the defendants having pleaded *non est factum.* The Court found for plaintiff the debt in the declaration mentioned, and assessed his damages at six cents, overruled the plaintiff's motion for a new trial, and rendered

---

* Justice YOUNG did not hear the argument and gave no opinion.

judgment according to the finding and assessment of damages.

Three errors are assigned:

1. The Court erred in assessing the plaintiff's damages at six cents, when, by law and the evidence of the case, they should have been assessed at eighty nine dollars and ninety two cents;

2. In refusing a new trial; and

3. In refusing plaintiff's motion to amend the bond in said cause.

The last error is manifestly not well assigned, and was not insisted upon on the argument. The first and second errors will be considered together.

The law, under which this appeal was taken, provides that the appeal bond shall contain the following condition: "that if the appellant shall prosecute his appeal with effect, and shall pay whatever judgment may be rendered by the Court upon the dismissal or trial of said appeal, then the obligation to be void," &c.

The bond in question omits the words "or trial," and hence does not comply with the statute in the form laid down by it. Most of the authorities cited by the plaintiff in error establish the point, that voluntary bonds, though not exactly in conformity with the requirements of the statute, are not therefore void, but may still, to the extent of their obligation, be the foundation of an action. This Court, in the case of *Fournier* v. *Faggott*, 3 Scam. 349, has fully adopted the same doctrine. The Court below also treated the bond under consideration as a valid one, and gave judgment on it, although but nominal damages. The point really in controversy is, can an obligor be held responsible by implication beyond the extent of his obligation, plainly expressed in the terms of the bond. Here the obligors had stipulated to pay a certain amount of money on the happening of a certain event, viz: the dismissal of the appeal. The record shows that the event did not happen, but that the case was considered by the Court, the judgment below affirmed, and judgment for an additional sum, the damages and costs, given.

The Court is of opinion, that the record introduced by plaintiff in error, showing this state of facts, did not establish a breach of the condition in the bond. The first breach, however, was proved by said record, and the Court found properly for the plaintiff on said breach. There being no evidence given that the mere non-prosecution of the appeal by the defendants in error caused any damages, the Court correctly gave but nominal damages.

The plaintiff's counsel having principally relied on a former decision of this Court ( *McConnell* v. *Swailes*, 2 Scam. 571,) to establish his position, we think it proper to express our views on that case, and the distinction which we draw between the case at bar and the one referred to.

In that case, the bond given by the appellant was in the precise language of the law, as it then was, conditioned "to pay the debt and costs in case the judgment shall be affirmed on the trial of the appeal." R. L. 1833, 395. In the Circuit Court the appeal had been dismissed, and in a suit on the appeal bond, this Court decided that the dismissal of an appeal in its effect was equivalent to an affirmance of the judgment of the justice of the peace, so as to entitle the party to claim a forfeiture of the bond and to have his action therefor.

It will be perceived that the law, in the Revised Code of 1833, referred in terms to the case of a trial only; but it would have been absurd to suppose that it intended to secure the rights of but one class of successful suitors, and to exclude another clearly entitled to the same security. The appellant had given bond as the law required, and the appellee had it not in his power to call upon his adversary to give him a more comprehensive one. The appeal having been dismissed in the Circuit Court, it followed that the judgment below was, virtually, thereby affirmed. But when the appeal remains in Court, and the Court renders the same judgment which has been given below, adding judgment for damages for the delay, the judgment below becomes extinct, and a new one is created, attended with consequences very different from those which would have followed the

justice's judgment.   In the case at bar, it was in the power of the plaintiff in error, when the appeal was pending in the Circuit Court, to object to the bond of the appellants for informality, and to have it perfected.   If they had refused to do so, the appeal would have been dismissed, and the contingency would have happened provided against in the bond. The plaintiff in error must abide by his own neglect, and we cannot, however willing we might be, furnish the relief he has sought, upon legal principles.

We are of opinion there is no error in the record.   Judgment below is affirmed with costs.*

*Judgment affirmed.*

---

*A petition for a re-hearing was filed in this case and *denied.*